IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ |
| **v.** | : | **DATE FILED:** _____ |
| **ADAM RANDALL,** a/k/a "Adam Gwynn" | : | **VIOLATION:** 18 U.S.C. § 1343 (wire fraud – 1 count) |
| | : | **Notice of forfeiture** |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. Defendant ADAM RANDALL, a/k/a "Adam Gwynn," worked as an office manager for Resondoe Bradley, charged elsewhere, who operated a financial services business in Philadelphia, Pennsylvania that provided tax services, bookkeeping, and payroll services to hundreds of clients.

2. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities following disasters.

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 that was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19

pandemic. One source of relief was the Economic Injury Disaster Loan ("EIDL") Program. The EIDL Program was designed to provide low-interest loans to qualifying small businesses to help them meet financial obligations and operating expenses that would have been met had a disaster not occurred.

4. To obtain a loan under the EIDL Program, a qualifying business was required to submit an EIDL application directly to the SBA. The SBA received the application through a server in Des Moines, Iowa. The EIDL application was required to be signed by an authorized representative of the business. The applicant was required to provide information about the business's operations, such as the number of employees, the business's gross revenue for the 12-month period from January 31, 2019 through January 31, 2020, and the cost of goods sold during that same 12-month period. The applicant was also required to certify that the information was true and correct to the best of the applicant's knowledge.

5. If a small business met the size and other requirements to qualify for a loan under the EIDL Program, the amount of the loan approved was based in part on the applicant's claimed revenue from the pre-COVID-19 period. As a result, a claim of higher revenue resulted in a larger loan.

## THE SCHEME TO DEFRAUD

6. From on or about July 1, 2020, until on or about November 9, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**ADAM RANDALL,
a/k/a "Adam Gwynn,"**

along with others known to the United States Attorney, devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

7. On or about July 1, 2020, defendant ADAM RANDALL caused to be submitted to the SBA an EIDL loan application for "Adam N Randall"—which defendant RANDALL identified as a sole proprietorship in the "entertainment services" industry—that contained material misrepresentations, by use of the internet and interstate wires. Defendant RANDALL falsely claimed that the gross revenue of Adam N Randall for the twelve months prior to January 31, 2020 was $425,000 and that the business had 10 employees when he knew that those statements were false. In fact, "Adam N Randall" was not an operational business; defendant RANDALL had never operated an entertainment business, he did not have 10 employees, and he reported no income for this business during that time period. Nevertheless, defendant RANDALL certified that the application he submitted was true and correct under penalty of perjury.

8. The EIDL loan application was prepared by both defendant ADAM RANDALL and Resondoe Bradley in Philadelphia, Pennsylvania. Defendant RANDALL

provided Bradley with the false information that Bradley then used to fill out the loan application. Bradley then submitted the loan application in the presence of defendant RANDALL, who knew the statements contained therein were false.

9. On the basis of the false application, the SBA approved an advance amount of $10,000 for "Adam N Randall." On or about July 6, 2020, the SBA disbursed that advance to a Navy Federal Credit Union checking account controlled by defendant ADAM RANDALL.

10. On or about July 18, 2020, the SBA contacted defendant ADAM RANDALL by email to request additional documentation. Defendant RANDALL responded to the email on the same day by providing a copy of his driver's license. As a result, a loan was approved in the amount of $150,000.

11. On or about July 18, 2020, defendant ADAM RANDALL electronically signed the loan agreement, note, and related documents for the loan.

12. On or about July 21, 2020, after defendant ADAM RANDALL signed the loan documents, he received into his bank account the EIDL loan in the amount of $149,900 ($150,000, less a $100 processing fee), which was in addition to the $10,000 advance that he had previously received.

## THE WIRE

13. On or about July 1, 2020, in the Eastern District of Pennsylvania, defendant

**ADAM RANDALL,**
**a/k/a "Adam Gwynn,"**

for the purpose of executing the scheme described above, caused to be transmitted by means of

4

wire communication in interstate commerce the following signals and sounds: an EIDL loan application for "Adam N Randall," submitted via the internet by Resondoe Bradley, at defendant RANDALL's direction, in Philadelphia, Pennsylvania to the SBA through a computer in Des Moines, Iowa.

        In violation of Title 18, United States Code, Section 1343.

# NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

  1.  As a result of the violation of Title 18, United States Code, Section 1343 set forth in this information, defendant

**ADAM RANDALL,**
**a/k/a "Adam Gwynn,"**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such violations including, but not limited to, the sum of $10,000.

  2.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

_____
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

*Criminal No.*

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

ADAM RANDALL
a/k/a "Adam Gwynn"

INFORMATION

Counts
18 U.S.C. § 1343 (wire fraud – 1 count)
Notice of Forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____ day,
of _____ A.D. 20 _____

_____
Foreperson

Bail, $ _____